David and Gloria MOYSI, etc., Plaintiffs,

v.

TRUSTCORP, INC., et al., Defendants.

SIEGENTHALER, etc., Plaintiff,

v.

TRUSTCORP, INC., et al., Defendants.

Charles HAND, Jr., etc., Plaintiff,

v.

TRUSTCORP, INC., et al., Defendants.

Nos. 5:89CV0346, 5:89CV0354 and 5:89CV0355.

United States District Court, N.D. Ohio, E.D.

April 18, 1989.

Stanely J. Fisher, Hugh M. Stanley, Jr., Mark F. McCarthy, Dale F. Kainski, Arter & Hadden, Cleveland, Ohio, Steven J. Toll, Andrew N. Friedman, Daniel S. Sommers, Cohen, Milstein & Hausfeld, Washington, D.C., James A. Calhoun, Calhoun, Benzin, Kademenos & Heichel, Mansfield, Ohio, for David and Gloria Moysi, etc.

Hugh M. Stanley, Mark F. McCarthy, Dale F. Kainski, Arter & Hadden, Cleveland, Ohio, James A. Calhoun, Calhoun,

Benzin, Kademenos & Heichel, Mansfield, Ohio, Steven J. Toll, Andrew N. Friedman, Daniel S. Sommers, Cohen, Milstein & Hausfeld, Washington, D.C., Stanley R. Wolfe, Berger & Montague, Philadelphia, Pa., for Dan Siegenthaler.

Stanley J. Fisher, Hugh M. Stanley, Jr., Mark F. McCarthy, Dale F. Kainski, Arter & Hadden, Cleveland, Ohio, James A. Calhoun, Calhoun, Benzin, Kademenos & Heichel, Mansfield, Ohio, Robert M. Kornreich, Wolf, Popper, Ross, Wolf & Jones, New York City, for Charles Hand, Jr., etc.

William M. Connelly, Steven R. Smith, Connelly, Soutar & Jackson, Toledo, Ohio, David S. Cupps, Vorys, Sater, Seymour & Pease, Columbus, for defendants.

## ORDER

DOWD, District Judge.

The three above captioned cases, setting forth identical claims under the Securities and Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* were filed in the Northern District of Ohio, Eastern Division. On March 3, 1989, the Court issued an Order requiring plaintiffs to show cause as to why these cases should not be transferred to the Western Division. Plaintiffs argue that the Northern District of Ohio is the proper district for this action and, in light of the recent repeal of 28 U.S.C. § 1393 by Congress, is properly maintained in the Eastern Division. Defendants maintain that these cases are properly transferred to the Western Division. For the reasons discussed below, the above-captioned cases are transferred to the Western Division.

Plaintiffs allege that defendant Trustcorp ("Trustcorp") is a Delaware Corporation with its principal place of business in Toledo, Ohio.[1] Plaintiffs' complaints fail to identify the residences of the four individual defendants. However, through an affidavit supplied by defendant Trustcorp in its response to the Court's order to show cause why these cases should not be trans-

---

1. Plaintiffs' class action complaints for viola- tions of the Federal Securities Laws, ¶¶ 4 and 7.

ferred to the Western Division,[2] it has been represented that all individual defendants, except George H. Cress, reside in Lucas and Wood counties in Ohio and that Mr. Cress resides in the State of Michigan and conducts business in Toledo, Ohio. In their reply briefs, plaintiffs do not dispute the represented location of the individual defendant's residences. At p. 5 of their memorandum of law in response to the Court's show cause order in support of venue in the Eastern Division, plaintiffs state that "many of the acts complained of in the complaints, ... occurred in both the Eastern and Western Divisions of the Northern District of Ohio."

15 U.S.C. § 78aa provides that with respect to securities violations,

> Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder ... may be brought in any [district in which an act constituting a violation occurs] or in the district wherein the defendant is found or is an inhabitant or transacts business ...

The Court finds that pursuant to 15 U.S.C. § 78aa, the Northern District of Ohio is a proper forum for plaintiffs' actions.

The Northern District of Ohio is divided into two divisions, Eastern and Western, pursuant to 28 U.S.C. § 115. 28 U.S.C. § 1393, prior to its repeal on February 17, 1989,[3] spoke to the issue of proper venue in a district divided into divisions pursuant to an act of Congress. 28 U.S.C. § 1393 required that civil actions, not of a local nature, be brought in the division within a district where the defendant resided in the case of a single defendant, and in any division where any defendant resided in the case of multiple defendants residing in different divisions within the same district or different districts within the same state. Appendix A.

Districts are empowered by Congress to divide their business pursuant to rules agreed upon by the Court.[4] The Northern District of Ohio, pursuant to 28 U.S.C. § 137, had in place prior to the repeal of 28 U.S.C. § 1393 its Local Rule 15, which speaks to the proper divisional venue of actions filed within the district. Appendix B.

Rule 15.01 provides that all actions brought against residents of counties in the Western Division are to be filed and tried in Toledo, Ohio. Defendant Trustcorp's principal place of business is in Toledo, Ohio. Toledo is located in Lucas County, Ohio, which is part of the Western Division. Rule 15.04 defines the residence of a corporation, for the purposes of applying Rule 15, as the county in which the corporation has its principal place of business. Each of the individual defendants, with the exception of George H. Cress, reside in Lucas and Wood counties in Ohio. Both Lucas and Wood counties are included in the Western Division. Mr. Cress resides in the State of Michigan and conducts business in Toledo, Ohio.[5]

While it would appear based on the above analysis that these cases are appropriately transferred to the Western Division, the impact of the repeal of 28 U.S.C. § 1393 on Local Rule 15 must first be considered. For the reasons discussed below, this Court finds that the repeal of 28 U.S.C. § 1393 does not abrogate Local Rule 15.

---

**2.** Affidavit of David A. Snavely, ¶ 4. Mr. Snavely is general counsel for defendant Trustcorp.

**3.** 28 U.S.C. § 1393 was repealed pursuant to the Judicial Improvements and Access to Justice Act.

**4.** 28 U.S.C. § 137 provides in relevant part that "[t]he business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court."

**5.** Rule 15.02 which addresses the issue of proper venue in the case of multiple defendants is not applicable in the instant cases. The portion of Rule 15.02 which speaks to the situation in which the claim arises in this district, as is the case here, only permits filing in the division where the claim arose if the defendants are residents of counties in *more than one division in the district.* In these cases, all defendants except Mr. Cress are residents of counties in the Western Division only. Mr. Cress is not a resident of another division within the Northern District (emphasis added).

■ The purposes of the repeal of divisional venue were to provide the Courts with greater flexibility to accommodate the convenience of the parties and promote the efficient delivery of judicial services.[6] The repeal of § 1393 was not intended to act as a prohibition against districts distributing their business by a divisional venue process, but as a removal of that requirement in order to afford districts greater flexibility and freedom to implement any process which would be effective in the distribution of their business. If Congress had intended to prohibit divisional venue, they would not have merely repealed the requirement of divisional venue, but would have explicitly prohibited it. Since the repeal of § 1393 was not for the purpose of prohibiting divisional venue, but rather not requiring it, a district can, if it chooses, distribute its business through a divisional process such as Local Rule 15. To find otherwise would defeat the intent of Congress to provide greater flexibility to the courts. The Court's finding is supported by Mr. Burchill, General Counsel for the AO, as reflected in his letter of April 6, 1989. Appendix C.

■ Local Rule 15, therefore, was not automatically repealed by the repeal of § 1393, and remains in force in the Northern District of Ohio. Defendant, Trustcorp Inc., is a resident of the Western Division. The named individual defendants are officers and/or directors of Trustcorp. Except for one individual defendant who resides in Michigan, all the other individual defendants reside in counties which are part of the Western Division of the Northern District of Ohio. According to Local Rule 15, therefore, the above captioned cases are properly transferred from the Eastern Division to the Western Division. The Court further finds that application of Local Rule 15 directing the *division* in which plaintiffs must bring their actions does not run afoul of 15 U.S.C. § 78aa's provision that a securities action may be brought in any *district* in which acts constituting violations occurs or defendant is found or transacts business.

For the reasons discussed above, the above-captioned cases are hereby transferred to the Western Division.[7]

IT IS SO ORDERED.

## APPENDIX A

## § 1393. Divisions; single defendant; defendants in different divisions

(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides.

(b) Any such action, against defendants residing in different divisions of the same district or different districts in the same State, may be brought in any of such divisions.

---

**6.** February 2, 1989, Memorandum of the Administrative Office of the United States Courts to all United States Judges, Magistrates and Clerks of United States Courts regarding the Judicial Improvements and Access to Justice Act, p. 3.

**7.** Currently in the Western Division and assigned to Judge McQuade are two cases plaintiffs maintain involve the same issues of fact and grow out of the same transactions as the three above-captioned cases. *Murray, et al. v. Trustcorp, Inc., et al.,* Case No. 3:89CV–7139 and *Koehler, et al. v. Trustcorp., Inc., et al.,* U.S.D.C. N.D. Ohio W.D., Case No. 3:89CV7161.

APPENDIX B

## CHAPTER FIFTEEN
## VENUE OF ACTIONS WITHIN THE DISTRICT

### Rule 15.01. Place to file action — Resident Defendant.

The Northern District of Ohio is divided into two divisions. The Eastern Division consists of the following counties, divided for statistical purposes among the three divisional offices:

**LOCATION COUNTY**

Akron: Ashland, Carroll, Crawford, Holmes, Medina, Portage, Richland, Stark, Summit, Tuscarawas and Wayne.

Cleveland: Cuyahoga, Geauga, Lake and Lorain.

Youngstown: Ashtabula, Columbiana, Mahoning and Trumbull.

All civil and criminal actions brought against residents of the counties set forth above, as well as all actions filed in the Eastern Division pursuant to Rules 15.02 through 15.07 inclusive, may be filed at any of the divisional offices within the Eastern Division and may be tried at any location within the division, at the convenience of the Court.

The Western Division consists of the following counties:

Toledo: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca, Van Wert, Williams, Wood and Wyandot.

All actions brought against residents of the counties in the Western Division shall be filed and tried at Toledo, Ohio.

### Rule 15.02. Multiple Defendants.

Actions brought against persons who are residents of counties in more than one division shall be filed in the division containing the county in which the claim arose or the event complained of occurred. If the claim arose or the event complained of occurred outside of the district and no plaintiff is a resident of the district, the action may be filed in the division containing any county of which any defendant is a resident.

### Rule 15.03. Non-resident Defendant.

If the cause of action arose or the event complained of occurred in this district and no defendant is a resident of this district, the action shall be filed in the division containing the county in which the cause of action arose or the event complained of occurred.

### Rule 15.04. Corporations.

For the purpose of this rule, a corporation shall be deemed to be a resident of that county in which it has its principal place of business in this district. If a corporation does business throughout this district and has no operation that can properly be deemed to be a principal place of business, the action shall be filed in accordance with Rule 15.03.

### Rule 15.05. Railroad Companies (Civil Actions).

Actions brought against railroad companies involving claims for damages to property, personal injuries or wrongful deaths shall be filed in accordance with Rule 15.03, if the cause of action arose or the event complained of occurred in this district.

### Rule 15.06. Other Cases (Civil Actions).

If the defendant is a non-resident of this district or is a corporation having no principal place of business in this district, and the cause of action arose or the event complained of occurred outside this district, the action shall be filed in the division containing the county of plaintiff's residence.

### Rule 15.07. United States as Defendant (Civil Actions).

Actions brought against the United States shall be filed in the division containing the county of plaintiff's residence.

## APPENDIX C

L. RALPH MECHAM
DIRECTOR

JAMES E. MACKLIN, JR.
DEPUTY DIRECTOR

### ADMINISTRATIVE OFFICE OF THE
### UNITED STATES COURTS

WASHINGTON, D.C. 20544

WILLIAM R BURCHILL, JR.
GENERAL COUNSEL

April 6, 1989

Honorable David D. Dowd, Jr.
United States District Court
510 Federal Building & U.S. Courthouse
2 South Main Street
Akron, Ohio 44308

Dear Judge Dowd:

I am writing in response to your court's inquiry concerning the repeal of 28 U.S.C. § 1393, which provided for divisional venue in civil cases.

This statute was repealed by section 1001 of the Judicial Improvements and Access to Justice Act, Public Law 100-702, effective February 17, 1989. The Act simply repealed section 1393 without prohibiting the adoption of divisional venue requirements by local rule and without imposing any new restrictions on the court's authority to distribute cases among its divisions.

The memorandum of February 2, 1989, from this agency concerning various amendments made by Public Law 100-702 seems to suggest on page 3 that the repeal of section 1393 affects the court's power to regulate divisional venue by local rule. The advice should be read, I believe, as simply a recommendation that the court review its local rules on this subject, which were adopted subject to the limitation imposed by section 1393. No doubt many courts have no divisional venue requirements in their local rules, having relied on section 1393 in the past. Courts that reiterate the requirement of section 1393 in their local rules may wish to consider whether the requirement should be kept. It is obvious, though, that a local rule consistent with former section 1393 is still consistent with Federal law now that the limitation of this section has been removed.

I hope this discussion is helpful to you. If I can be of further assistance, just let me know.

Sincerely,

William R. Burchill, Jr.
General Counsel