Guy H. BISHOP, Plaintiff,

v.

C & P TRUCKING COMPANY, INC., et al., Defendants.

Civ. A. No. 92–AR–1798–M.

United States District Court, N.D. Alabama, M.D.

Dec. 20, 1993.

Clarence F. Rhea, Rhea Boyd & Rhea, Gadsden, AL, for plaintiff.

James E. Turnbach, Turnbach & Warren, PC, Gadsden, AL, for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

The court notes the following procedural facts in the above-entitled cause:

1. On March 30, 1993, the court granted the motion of plaintiff, Guy H. Bishop, without any objection by defendants, to change the venue of the case from the Eastern Division, where it was filed, to the Middle Division of the Northern District of Alabama. This was, in reality, no more than a change of the place of trial.

2. On April 2, 1993, after a final pre-trial conference, the court entered its pre-trial order.

3. On May 6, 1993, the court denied cross-motions for summary judgment.

4. On August 12, 1993, the court ordered the parties to "notify the court of their willingness or of their unwillingness to try their case in Birmingham."

5. On August 26, 1993, defendants, who had not objected to a trial in the Eastern Division in Anniston, 30 miles away from Gadsden, notified the court of their unwillingness, for reasons of alleged inconvenience and expense, to try the case in Birmingham, insisting that the trial be held in the Middle Division in Gadsden, Alabama.

6. On September 10, 1993, plaintiff notified the court that he was willing to try the

case in Birmingham and moved to strike defendants' objection to trial in Birmingham.

7. On December 1, 1993, the Eleventh Circuit docketed *In Re: Guy H. Bishop*, Court of Appeals No. 93–6960, a petition filed by plaintiff for a writ of mandamus seeking, *inter alia*, a solution to the above-outlined problem that will prevent defendants from exercising "an option that will insure a trial delay of two years."

The court DEEMS the papers filed by plaintiff, under the overall circumstances, as a motion by plaintiff to move the trial of the case to Birmingham.

■ The court takes judicial notice of the facts that security is virtually non-existent at the federal courthouse in Gadsden, Alabama; that there is no law library whatsoever in the federal courthouse in Gadsden, Alabama, whereas there are both excellent security and an excellent law library at the federal courthouse in Birmingham, Alabama, where this judge has his chambers; and that there is a four-lane interstate highway connecting Gadsden, Alabama, with Birmingham, Alabama.

When 28 U.S.C. § 1393 was repealed effective February 17, 1989 by Public Law 100–702, the concept of divisional venue disappeared. Plaintiff Bishop filed his original complaint in the Eastern Division without objection. Absent a requirement of divisional venue, he could just as easily have filed his complaint in the Southern Division. If he had done so, the trial location in Birmingham would not only have been appropriate but would have been unassailable.

The legislative history which preceded Public Law 100–702 includes the following Congressional rationale:

> The former requirement for venue within the division operated in an irrational fashion ... there was often undue delay ... the change in division venue for criminal cases has not resulted in adverse consequences to the litigants or to the fair and expeditious administration of justice. Accordingly, the Conference [Judicial Conference] approved the recommendation to eliminate divisional venue for civil cases as well.

1988 U.S.C.C.A.N. 5982, 6027. This is no more than an echo of the impetus provided by Professors Wright and Miller as follows:

> In creating judicial districts Congress has provided that many, but far from all, of them are subdivided into divisions. In addition, some districts that have not been divided by Congress have local rules creating divisions. The principal significance of divisions is for purposes of venue and the crazy-quilt pattern by which some districts have divisions and others do not, combined with a very poorly drafted statute on the effect of divisions for purposes of venue, has led to much unnecessary confusion.

Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* § 3809 (1986). The same theme was sounded by David D. Siegel, commentator at 28 U.S.C.A. § 1393, pocket part p. 69, as follows:

> Section 1393, addressed to only those districts that are broken into divisions and requiring (among other things) that suit against a defendant be brought in the division of the defendant's residence, has been a troublesome and ineffective statute and was repealed in 1988 as part of the Judicial Improvements and Access to Justice Act (Pub.L. 100–702). It was comprehensive only when the proper district of venue selected by the plaintiff under § 1391 was based on, or just turned out to be, the defendant's residence district, making no sense at all when the plaintiff laid venue in some other district, such as his own....

■ The repeal of § 1393 does not abrogate local rules respecting divisional venue. *Moysi v. TrustCorp, Inc.*, 725 F.Supp. 336 (N.D.Ohio 1989). But the Northern District of Alabama has not adopted any local rules respecting divisional venue.

> Rule 77(b), F.R.Civ.P., provides, *inter alia:* [N]o hearing, other than one ex parte, shall be conducted outside the district without the consent of all parties affected thereby.

The clear implication of this language is that the trial of a case may be held at any courthouse within the district even without the consent of the parties. Even if the repeal of

§ 1393 had not eliminated divisional venue in the Northern District of Alabama, 28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Because the above-entitled case could have been brought in the Southern Division, this court, in the interest of justice, could transfer it to the Southern Division.

For the foregoing separate and several reasons, the court will grant plaintiff's motion to hold the trial of the case in Birmingham.